# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA WEBB<br>Plaintiff | * | CA 05 035 S |
| v | * | |
| JEFF ROSE, Individually and<br>d/b/a YOCAHU, LLC<br>Defendants | * | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND VENUE

1. The plaintiff, Brenda Webb, alleges and states the following cause of action:

2. Jurisdiction in this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. 1322(a)(1)and under the Suits in Admiralty Act, 46 U.S.C. App. § 740 and the Jones Act 46 U.S.C. § 688 (2002)[1]. The amount in controversy exceeds $75,000.

3. Jurisdiction in this Court may also be based upon 28 U.S.C. 1369, Multiparty Multiforum Jurisdiction.

### PARTIES

4. The plaintiff, Brenda Webb, is a citizen of the Country of South Africa, residing at 12 Heron Way, Pinelands, Cape Town, South Africa and currently residing on Thames Street, Newport Rhode Island, 02840.

---

[1] See In Re: Reads Petition 224 F. Supp 241(1963)



(1)

5. The Defendant, Jeff Rose, is an American Citizen residing in Jamestown Rhode Island, U.S.A.

6. The Defendant, "Yocahu LLC," is a Rhode Island corporation, registered in the State of Rhode Island with an unlisted business address that owns the yacht "Yocahu", a Swan 48, whose resident agent is Steven M. McInnis, Esquire, 38 Bellevue Avenue, Newport, Rhode Island.

**COUNT I**
**(JONES ACT NEGLIGENCE 46 U.S.C. S. §688 (2002)**

7. The Plaintiffs hereby allege and reallege the allegations contained in Plaintiff's Complaint paragraph 1 through 6 as if fully stated herein.

8. That on or about April 27, 2004, the plaintiff, Brenda Webb was a crew member and seaman recruited by the defendant "Rose" to assist the defendant in the operation and sailing of his boat in a series of races known as "Antigua Race Week," in the Carribean Islands on the vessel "Yocahu".

9. That on the above date, the 3rd day of racing, the Plaintiff was badly injured when the "reefing line" "block" at the base of the mast failed, causing a pin in the "block" to be ejected and pierce the Plaintiff's right calf.

10. The accident occurred as the boat was rounding the first mark, during which several maneuvers were performed almost simultaneously. The maneuvers were made more difficult and required greater skill and teamwork, as the weather conditions, with seas of three to five feet and wind in excess of 30 knots, made racing challenging and dangerous.

11. Prior to the start of the race, due to severe weather conditions, the mainsail had been reefed [2].

12. At the first mark and at the direction of the Defendant, two risky and reckless maneuvers were attempted by the crew. First, the crew was directed to "shake out" the reef that had earlier been put in place, by releasing the line that ran from the bottom of the mainsail, at the mast, to the deck, through a "block" (pulley) and back to the "reefing line winch" located in the back of the boat. The second maneuver was to raise the mainsail, which was accomplished by winding on the "main halyard winch" on which the mainsail halyard was attached. This winch was also located in the back of the boat. This maneuver required that the captain properly supervise and train the crew member operating the winches in the back of the boat to perform these maneuvers properly and to know which winch was being turned.

13. The crew member, however, in an attempt to raise the mainsail, mistakenly and negligently thought that he was turning the "main halyard winch," but instead was turning the "reefing line winch," causing an excessive load to be applied to the "block" resulting in its failure.

---

[2] During high winds "reefing" of the mainsail reduces the amount of sail area, which allows greater control of the boat. This maneuver requires that the halyard, that controls the raising and lowering of the mainsail along the mast, be lowered approximately 10 to 15 feet and the "foot" of the mainsail be gathered and tied off along the boom.

The "tack" or the bottom corner of the mainsail, adjacent to the mast, is held down by a reefing line. The reefing line is led from the mast through a "block " or pulley and back to the cockpit where it is wrapped around a winch. The winch is then turned, causing tension to be applied to the tack of the mainsail.

14. The defendant, Jeff Rose, as skipper and captain of the boat has a duty to select competent and experienced crew members to sail on his vessel and had a further duty to supervise and direct the members of his crew to ensure the safe operation of the vessel during the race.

15. The defendant "Rose" negligently, recklessly and dangerously failed to use proper care in the selection of his crew, supervision of his crew during the race, and operation of his sailing vessel, both by himself and by those persons in the crew for whom he was responsible as the captain of the vessel. As a result of the negligence, recklessness and/or carelessness of the defendant, the plaintiff, Brenda Webb, sustained permanent injuries and scarring to her leg.

**COUNT II**
**(JONES ACT 46 U.S.C. S. § 688 Unseaworthiness)**

16. The Plaintiffs hereby allege and reallege the allegations contained in paragraph 1 through 16 of Plaintiff's Complaint as if fully stated herein.

17. That the vessel "Yocahu" was unseaworthy in that the Defendant failed to properly maintain the vessel "Yocaho" in a seaworthy condition so as to ensure the safety of the "seamen" aboard the vessel.

18. That as a result of the aforesaid, the plaintiff, Brenda Webb, was severely, permanently, and grievously injured, and as a further result suffered, continues to suffer, and will suffer in the future, pain of body and mind and the plaintiff did spend and will continue to spend great sums of money in the form of medical and hospital care and the plaintiff suffered other great injuries and damages.

*WHEREFORE,* the plaintiff, Brenda Webb, respectfully demands the following:

1. Judgment against the defendant, "Jeff Rose", Individually and d/b/a "Yocahu", LLC;

2. Such other relief as this Honorable Court deems proper and just; and

3. Trial by jury.

By her Attorneys,
BRIAN CUNHA & ASSOCIATES

Brian R. Cunha, Esquire
311 Pine Street
Fall River, MA 02720
Telephone: (508) 675-9500
BBO#: 4074

DATED: January 18, 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND
2005 JAN 28 P 1:13
FILED